This matter came before me on a petition and order to show cause why the trustee should not be ordered to pay to Alice L. Perkins the sum of $11,666.07 or such other sum as might be due on a pro rata distribution of the funds in the hands of said trustee.
The Newton Trust Company was trustee for the bondholders of the Sussex Calcite Company and had in its hands for distribution to the bondholders the sum of $38,350.00 resulting from the foreclosure of the mortgage given to secure the bonds. By a consent decree the trustee was directed to distribute said amount proportionately among the bondholders who presented their bonds for endorsement of payment and was then directed by said decree to file its report of distribution within eight months of the date of the making of said decree and deposit the moneys remaining in its hands with the Clerk of the Court of Chancery with leave to the bondholders to make application to the said Clerk for further distribution or disposition of said money that might remain. The decree further provided that upon the making of the said payments and disbursements and carrying out the directions of the decree, the said trustee should be discharged from all obligations in relation to the said trust. The decree was dated August 23, 1947.
Certain bondholders presented their bonds to the said trustee and were paid at the rate of 38.35 per cent. of the principal amount of their bonds. The trustee based the payments on the assumption that $100,000.00 of bonds were issued and outstanding. *Page 478 
Among the bonds presented were bonds in the amount of $41,500.00 presented by Phoebe M. Zabriskie, who was represented by Harrison Reinhardt, her solicitors. There was paid by said trustee to the said Phoebe M. Zabriskie, or her solicitors, the said proportionate share of 38.35 per cent. of the face value of the said bonds which amounted to $15,915.25.
After the distribution had been made to the said Zabriskie and other bondholders, there remained in the hands of the trustee a sum amounting to about $12,000.00.
On February 28, 1948, about six months after the entering of the consent decree, the petitioner, Alice L. Perkins filed a petition wherein she alleged that she was the owner of certain coupons attached to a number of said bonds in the amount of $30,420.00 for which she had not been paid and that the said trustee had remaining in its hands $12,810.90 of which she demanded that she be paid 38.35 per cent. of the amount of said coupons.
It developed at the argument that the coupons referred to in the petition and the order to show cause were attached to bonds which had been owned by Phoebe M. Zabriskie which bonds were presented to the trustee for payment and which were paid by the said trustee in the proportionate amount of 38.35 per cent. It was also admitted that after said payment had been made to and accepted by the said Phoebe M. Zabriskie she assigned the bonds to which it is alleged coupons were attached to the said Alice L. Perkins, the petitioner, and that thereafter the said Alice L. Perkins presented her petition and obtained the order to show cause. At the time of the argument on the order to show cause, it appeared that a number of the bondholders had not presented their bonds for payment.
There was no form of the bonds or coupons before me. There was no evidence or other proof that the bonds of the bondholders who had been paid a proportionate share had no coupons attached. No notice was given to other bondholders of the said application and there was no proof of the number of outstanding bonds or coupons which had not been presented for payment. *Page 479 
Under all the circumstances in the case, including the fact that Phoebe M. Zabriskie had presented her bonds, which were the bonds in question, and accepted payment of her proportionate share, I denied the application.